IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


PRAVIN G. SAMPAT,

      Plaintiff,

v.                                     Case No.  20-4070-JWB

THE STATE OF KANSAS, DEPARTMENT OF CHILDREN
AND FAMILIES DISABILITY DETERMINATION SERVICES
and JOSHANNA STONE, in her individual capacity,

      Defendants.


**MEMORANDUM AND ORDER**

This matter comes before the court on Defendants' motion to dismiss (Doc. 4).  The motion has been fully briefed and the court is prepared to rule.  (Docs. 5, 8, 10.)  For the reasons stated herein, Defendants' motion is GRANTED.

**I.     Facts**

The facts set forth herein are taken from Plaintiff's complaint.  Plaintiff Pravin Sampat was employed as a medical consultant with Kansas Department of Children and Families Disability Determination Services ("DCF") in June 2015 due to an employment placement by Kansas Personnel Services, d/b/a/ Key Staffing.  (Doc. 1 at 3.)  Plaintiff alleges that he is of Asian descent and in the protected age group under the Age Discrimination in Employment Act, 29 U.S.C. § 623 ("ADEA").  While employed by DCF, Plaintiff was responsible for providing medical assessments for disability claims.  Plaintiff was paid on a per case basis depending upon the type of review.  Defendant Joshanna Stone, Plaintiff's supervisor, was employed by DCF in early 2019 as a medical administrator.

1

In February 2019, Stone placed Plaintiff on a performance review.  Plaintiff alleges that his performance was outstanding and did not warrant a performance review.  Plaintiff's case assignments were also monitored and reduced.  Plaintiff alleges that he was subject to disparate treatment in that similarly situated Caucasian physicians employed in the same capacity were not subject to modified and reduced case assignments.

In November 2019, Plaintiff alleges that he was on vacation and, upon his return, that he was "denied the opportunity to review cases." (Doc. 1 at 4.)  On December 13, 2019, Plaintiff was informed by Lori Williams that he was no longer allowed to work at DCF.  Plaintiff alleges that he was terminated because of his race and/or age.  On December 24, Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on the basis that Defendants discriminated against him in his employment because of his race and age.  (*Id.* at 5.)  On January 15, 2020, Plaintiff received a right to sue letter from the EEOC regarding his complaint against DCF.  (*Id.* at 2.)  Plaintiff also filed a complaint with the EEOC against the Office of Personnel Services because he further alleges that he received a right to sue letter from the EEOC regarding that office on August 4, 2020.  (*Id.*)

Plaintiff filed this action against DCF and Stone on November 2, 2020.  Plaintiff alleges race[1] and age discrimination claims against Defendants under the ADEA, Title VII, 42 U.S.C. § 2000e, and 42 U.S.C. §§ 1981, 1983.  Defendants have moved to dismiss the complaint on several grounds.

## II.     Standard

In order to withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim for relief that is plausible on its face.  *Robbins*

---

[1] Although Plaintiff's response indicates that he was discriminated against due to his national origin and age (Doc. 8 at 4), Plaintiff's complaint alleges discrimination based on race and age.  (Doc. 1 at 5-6.)

*v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)).  All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff.  *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008).  Conclusory allegations, however, have no bearing upon the court's consideration.  *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

### III.   Analysis

#### A.  Sovereign Immunity

DCF argues that all of Plaintiff's claims against it are barred by sovereign immunity as it is a state agency and, thus, an arm of the state.  *Brennan v. Univ. of Kan.*, 451 F.2d 1287, 1290 (10th Cir. 1971) ("There is no question that a state agency, functioning as an arm, an alter ego of the state, cannot be sued in federal court because of the prohibition of such suits by the Eleventh Amendment.")  In Defendants' initial brief, they argued that DCF was immune from claims under sections 1981 and 1983 and further argued that Plaintiff's remaining claims were barred by the statute of limitations.  (Doc. 5.)  In their reply brief, Defendants argue that DCF is immune from all claims in this suit.  (Doc. 10 at 6, n. 4.)  Plaintiff concedes that DCF has sovereign immunity from suit as to her claims under sections 1981 and 1983 claims.  It is clear that DCF is immune from suit in this court from claims brought under sections 1981 and 1983 as well as to any claims under the ADEA.  *See Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 91 (2000) ("We hold ... that, in the ADEA, Congress did not validly abrogate the States' sovereign immunity to suits by private individuals."); *Patillo v. Larned State Hosp.*, 462 F. App'x 780, 783 (10th Cir. 2012) (citing *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1195-96 (10th Cir. 1998)).

DCF, however, is not immune from claims brought under Title VII.  *Fitzpatrick v. Bitzer*, 427 U.S. 445, 456 (1976); *Crumpacker v. Kan. Dep't of Human Res.*, 338 F.3d 1163, 1169 (10th

Cir. 2003).   Therefore, Plaintiff's claims under the ADEA, § 1981, and § 1983 against DCF are dismissed as DCF is immune from suit under the Eleventh Amendment.

### B.  Statute of Limitations

Next, Defendants argue that Plaintiff's claims under Title VII and the ADEA are barred by the statute of limitations as Plaintiff failed to file this action within 90 days of receiving his right to sue letter from the EEOC.   Under both statutes, an employee must first file a charge of discrimination with the EEOC or an authorized state agency before filing a discrimination lawsuit. *Mackley v. TW Telecom Holdings, Inc*., 296 F.R.D. 655, 661 (D. Kan. 2014).  After receiving the right-to-sue letter from the administrative agency, Plaintiff must file suit within ninety days.  *Id.* Otherwise, the suit is untimely.  *Id.*

In this case, Plaintiff received his right to sue letter regarding DCF on January 15, 2020. Plaintiff filed his suit in November 2020, which is several months past the 90-day deadline.[2]  In response to the motion to dismiss, Plaintiff asserts that the statute of limitations should be tolled due to the COVID-19 pandemic.   Plaintiff argues that the original deadline to bring suit would have been April 15 and at that time "the nation had been on lock down for 30 days as a result of the novel corona virus (Covid-19) pandemic."   (Doc. 8 at 3.)   Plaintiff cites to this court's Administrative Order 2021-02 limiting and restricting non-emergency hearings and to the Kansas Supreme Court's Administrative Order 2021-PR-09 continuing the suspension of the state statutes of limitations and deadlines due to COVID-19 through March 31, 2021.  Plaintiff seeks equitable tolling and argues that the COVID-19 pandemic is an extraordinary circumstance in which he was

---

[2] Although Plaintiff also filed an EEOC complaint against the Office of Personnel Services and received his right to sue letter in August 2020 regarding that complaint, Plaintiff has not named that agency as a defendant nor has Plaintiff alleged any facts as to that agency's alleged discrimination.  Plaintiff also makes no argument to support a finding that his EEOC complaint regarding that agency would somehow be relevant to the allegations in this case.  Therefore, the right to sue letter regarding that complaint is not relevant to the case before the court.

discouraged by emergency declarations and lulled into inaction by highly publicized state and federal declarations to stay at home.

With respect to equitable tolling, the Tenth Circuit "has generally recognized equitable tolling of Title VII periods of limitation only if circumstances rise to the level of active deception which might invoke the powers of equity to toll the limitations period." *Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002); *Gray v. Phillips Petroleum Co*., 858 F.2d 610, 615 (10th Cir. 1988)(discussing the same standard for both Title VII and the ADEA).  Equitable tolling may also be appropriate if the plaintiff is lulled into inaction by state or federal agencies or the courts.  *Gray*, 858 F.2d at 615.

> The Supreme Court has similarly noted that 'federal courts have typically extended equitable relief only sparingly,' and that 'we have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.'

*Montoya,* 296 F.3d at 957-58 (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

Plaintiff has not argued that there was any active deception here; rather, Plaintiff argues that he was lulled into inaction.  Plaintiff also does not argue that any of the COVID-19 administrative orders entered by the chief judge of this court tolled the federal statute of limitations.

Federal law controls Plaintiff's claims here as they are based on federal statutes with limitation periods.  *DelCostello v. Int'l Bd. of Teamsters*, 462 U.S. 151, 159 n. 13 (1983) ("[T]he choice of a limitations period for a federal cause of action is itself a question of federal law."). Although the Kansas Supreme Court did suspend Kansas' statutes of limitations, that did not affect the limitations in federal statutes.  *See* Kansas Supreme Court, 2020-PR-016 (Mar. 18, 2020), available at https://www.kscourts.org/KSCourts/media/KsCourts/Orders/2020-PR-016.pdf; *see*

*also* Kansas Supreme Court, 2021-PR-009 (Jan. 26, 2021) (continuing order suspending deadlines), available at https://www.kscourts.org/KSCourts/media/KsCourts/Orders/2021-PR-009.pdf.

This court also entered administrative orders regarding court proceedings.  Plaintiff cites to Administrative Order 2021-02, which was entered on February 2, 2021, and continued all trials and in person hearings.  *See* http://ksd.uscourts.gov/wp-content/uploads/2021/02/Administrative-Order-2021-02.pdf.  That order was entered after Plaintiff filed his suit and does not suspend any statute of limitations as this court would not have authority to suspend a statute of limitations under Title VII and the ADEA without action by Congress.

Plaintiff's response does not provide a basis for any active deception by Defendants nor does it show that he acted diligently in pursuing his case.  Although Plaintiff claims that he was lulled into inaction by stay-at-home orders, Plaintiff cites no order that restricted his ability to file this action.  Moreover, because Plaintiff is represented by counsel, Plaintiff's counsel has the ability to file a complaint by electronic filing as was done in this case.[3]  Plaintiff makes no argument that would support a finding that his counsel was precluded from filing this action electronically.  Plaintiff's complaint was filed more than six months beyond the filing deadline and Plaintiff offers no persuasive argument in support of a finding that he was diligent in attempting to bring suit.  *See Irwin*, 498 U.S. at 96; *Stanley v. Saul*, No. 20-CV-00499-SRB, 2020 WL 6140552, at *4 (W.D. Mo. Oct. 19, 2020) ("Plaintiff ... does not specifically explain how COVID-19 shutdowns or related issues prevented her from [filing]."  Although the COVID-19 pandemic has presented many difficulties to many individuals, Plaintiff's argument is not

---

[3] The court is not aware of the date Plaintiff retained counsel.  Had Plaintiff been without counsel after receiving his right-to-sue letter, Plaintiff could have filed his action pro se by email or mail  as both methods are available in this district and the court's mailing address is located on the website.  *See* http://ksd.uscourts.gov/index.php/faqs/.

sufficient to persuade the court that the deadline should be tolled for more than six months.  *See*

*Willard v. Indus. Air, Inc.,* No. 1:20-CV-00823, 2021 WL 309116, at *2–4 (M.D.N.C. Jan. 29,

2021) (denying equitable tolling in a Title VII suit due to the COVID-19 pandemic).

Therefore, these claims are subject to dismissal for Plaintiff's failure to file the claims

within 90 days of receiving the right-to-sue letter.[4]

### C.  Qualified Immunity

Finally, Stone argues that Plaintiff's claims under sections 1981 and 1983 fail to state a

claim and that she is entitled to qualified immunity.  Viewing the complaint in a light most

favorable to Plaintiff, the court finds that Plaintiff's allegations fail to state a plausible claim under

these statutes.  To state a claim against Stone, Plaintiff must plead that she violated the federal

constitutional or statutory rights through her own actions.  *Ashcroft v. Iqbal*, 556 U.S. 662, 676

(2009); *Ramirez v. Dep't of Corr., Colo.*, 222 F.3d 1238, 1243–44 (10th Cir. 2000); *Patillo v.

Larned State Hosp.*, 462 F. App'x 780, 783–84 (10th Cir. 2012).  The complaint must make clear

exactly what Stone is alleged to have done, to provide her with fair notice as to the basis of the

claims against her, "as distinguished from collective allegations against the state."  *Robbins v.

Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008).  The complaint cannot use the collective term

"Defendants" with no distinction as to what acts are attributable to Stone.  *Id.*

Here, the only factual allegations pertaining to Stone are that she "placed Plaintiff under a

performance review in spite of his outstanding record of performance.  In addition the number of

cases assigned to Plaintiff began to be monitored." (Doc. 1 at 4.)  These allegations do not describe

---

[4] Although not raised by Defendants, Plaintiff's Title VII and ADEA claims against Stone are also subject to dismissal as these provisions do not allow for individual liability and Plaintiff has not alleged any facts showing that Stone qualifies as an employer under the statutes.  *Fuller v. Kansas, Dep't of Child. & Families*, No. 16-2415-DDC-JPO, 2018 WL 4361187, at *3, n 6 (D. Kan. Sept. 13, 2018) (citing *Butler v. City of Prairie Vill., Kan.*, 172 F.3d 736, 744 (10th Cir. 1999) (explaining that ADEA and Title VII define "employer" identically and concluding that both "preclude[ ] personal capacity suits against individuals who do not otherwise qualify as employers under the statutory definition")).

any misconduct which would support a finding that Stone discriminated against Plaintiff on the basis of his age or race.  Rather, they simply state that she placed him on a performance review despite his outstanding performance.  Plaintiff also alleges that Stone "began a systematic campaign to deprive Plaintiff of equal protection and equal privileges and immunities under the law." (*Id.* at 3.)  This is entirely conclusory; Plaintiff has provided no factual support for this court to conclude that Stone's actions were taken due to Plaintiff's race or age.

In response to the motion to dismiss, Plaintiff argues that the complaint is sufficiently detailed because he has alleged that he was subjected to disparate treatment and discharged.  (Doc. 8 at 5.)  Plaintiff's complaint, however, is entirely conclusory with respect to his allegations regarding similarly situated Caucasian physicians.  Plaintiff alleges that he was "subjected to disparate treatment...by having the method and manner of case assignments modified and reduced as compared with similarly situated Caucasian white physicians." (Doc. 1 at 4.)  Plaintiff, however, does not provide any facts regarding these employees.  Moreover, and fatal to his claim, Plaintiff makes no allegation regarding Stone's involvement in this alleged disparate treatment. Plaintiff's complaint also does not allege that Stone had any involvement in his termination as Plaintiff was allegedly terminated by Lori Williams.  Although Plaintiff "claims the true reason for the disparate treatment and his separation was his race or age," Plaintiff offers no facts that would allow this court to plausibly infer that is the reason or that Defendant Stone has violated Plaintiff's constitutional or statutory rights.  (*Id.* at 5.)  Plaintiff's complaint makes several conclusory and unsupported allegations, such as his continued "disparate treatment" during employment and that he was "subjected to unreasonably, unwarranted and arbitrary standards and conditions of employment." (*Id.* at 4.)  These are not sufficient to maintain his claims under the statutes.

The court finds that the complaint fails to include sufficient specific factual allegations to support a claim against Stone under sections 1981 and 1983.  Plaintiff cannot rely on a "formulaic recitation of the elements of a cause of action," "mere conclusory statements," and "naked assertions devoid of further factual enhancement" to state his claim.  *Patillo*, 462 F. App'x at 783 (quoting *Iqbal*, 556 U.S. at 678).

## IV.      Conclusion

Defendants' motion to dismiss (Doc. 4) is GRANTED.

IT IS SO ORDERED.  Dated this 20th day of May 2021.

__s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE
